[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-15049
Non-Argument Calendar
_____

D.C. Docket No. 1:11-cv-04472-TWT


SANDRA JACKSON SHEPPARD,

Plaintiff-Appellant,

versus

BANK OF AMERICA, NA,
COUNTRYWIDE HOME LOANS, INC.,
a subsidiary of Bank of America, N.A.,
d.b.a. America's Wholesale Lender,
BAC HOME LOANS SERVICING, LP,
MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.,
a subsidiary of MERSCORP, Inc.,
THE BANK OF NEW YORK MELLON CORPORATION,
f.k.a. The Bank of New York as Trustee for the Certificateholders
of the CWABS, Inc., Asset-Backed Certificates, Series 2005-4,
CWABS, Inc., a Delaware Corporation,

Defendants-Appellees,

GARY ARTHUR GOLDMAN,
individually and in his capacity as agent,
employee and/or business partner for
Stoher Capital Group, Inc.,
d.b.a. Source Finance, America One Finance, Inc.,
and/or Countrywide Home Loans, Inc.,

Defendant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(October 15, 2013)

Before TJOFLAT, PRYOR and BLACK, Circuit Judges.

PER CURIAM:

Sandra Jackson Sheppard, proceeding *pro se*, appeals the district court's dismissal of her amended complaint (Complaint) under Federal Rule of Civil Procedure 12(b)(6) that she filed against several loan lenders and servicers, including Bank of America, NA; Countrywide Home Loans, Inc.; BAC Home Loans Servicing, LP; Mortgage Electronic Registration Systems, Inc.; and the Bank of New York Mellon Corporation (collectively, Bank Defendants). In her Complaint, Sheppard alleged causes of action for (1) anticipatory repudiation of her loan agreement; (2) breach of the implied duty of good faith and fair dealing; and (3) violations of Georgia's Fair Business Practices Act (FBPA) and Unfair or Deceptive Practices Toward the Elderly Act (UDPTEA). On appeal, Sheppard contends the district court erred by reviewing her claims under the standard for summary judgment motions rather than the standard for Rule 12(b)(6) motions,

2

and further erred by dismissing each of her claims for failure to state a claim for relief.  We address each argument in turn.

*Standard Applied by the District Court*

Sheppard maintains the district court erred when ruling on the Bank Defendants' Rule 12(b)(6) motion to dismiss by considering facts outside the four corners of the Complaint and attached exhibits.  Specifically, she asserts the district court accepted and relied on facts contained only in the Bank Defendants' motion, thereby converting the motion to dismiss into a motion for summary judgment.

There is no merit to Sheppard's contentions.  In general, if the district court considers matters outside the pleadings in adjudicating a Rule 12(b)(6) motion, the motion is thereby converted into a Federal Rule of Civil Procedure 56 motion for summary judgment.  *Trustmark Ins. Co. v. ESLU, Inc.*, 299 F.3d 1265, 1267 (11th Cir. 2002); *see also* Fed. R. Civ. P. 12(d).  However, "[a] copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes," Fed. R. Civ. P. 10(c), and may be considered in ruling on a Rule 12(b)(6) motion "if it is central to the plaintiff's claims and is undisputed in terms of authenticity," *Maxcess, Inc. v. Lucent Techs., Inc.*, 433 F.3d 1337, 1340 n.3 (11th Cir. 2005).

In addressing the Bank Defendants' Rule 12(b)(6) motion, the district court's consideration of the documents attached to the Complaint—in particular, Sheppard's underlying promissory note (Note) and an April 2008 notice regarding changes to her interest rate and repayment amount (Notice)—did not convert the Bank Defendants' motion to dismiss into a motion for summary judgment, as both the Note and Notice were central to Sheppard's claims and their authenticity was undisputed. *See Maxcess, Inc.*, 433 F.3d at 1340 n.3. The district court also recited and applied the standard for Rule 12(b)(6) motions, as articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544 (2007), which required the court to determine whether Sheppard's pleadings contained "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (quotation omitted). Nothing in the district court's order indicates it relied on facts outside the Complaint and attached exhibits, or converted the Bank Defendants' motion to dismiss into a motion for summary judgment.

*Anticipatory Repudiation*

Sheppard also argues the court erred in dismissing her state law claim for anticipatory repudiation of the loan agreement. In relevant part, the Note, dated April 5, 2005, obligated Sheppard to repay a loan of $360,000 in monthly installments over the course of 30 years. Sheppard would make fixed,

4

interest-only payments for the first 36 months of the repayment period—that is, from June 1, 2005, through May 1, 2008.  On May 1, 2008, the applicable interest rate became subject to change, and thereafter, beginning June 1, 2008, Sheppard was obligated to make variable, interest-and-principal payments in amounts set every six months with reference to prevailing interest rates.

The Notice, dated April 2, 2008, was issued one month before the expiration of the Note's initial 36-month, interest-only period.  The Notice provided:

> Enclosed please find your Adjustable Rate Mortgage (ARM) Payment Adjustment Notice ("Notice") for your Interest-Only loan.  Your new payment is still an Interest-Only payment.  This is because you are still within the Interest-Only Period of this loan.  This also means that you are not repaying any principal with this payment--the amount you borrowed.  The enclosed Notice only addresses the payment of interest due each month, and does not include the additional amounts outlined below, which make up your total monthly payment.  Your *total* Interest-Only payment amount is changing to $4,238.97 effective on 06/01/2008.

The Notice further detailed an increase in the Note's interest rate, to take effect May 1, 2008, and it showed that the new payment amount, scheduled to begin June 1, 2008, would be allocated exclusively toward interest and escrow—but not the loan's principal balance of $360,000.  Sheppard maintains that, by failing to provide for interest-and-principal payments beginning June 1, 2008, the Notice attempted to unilaterally alter the repayment terms of the Note, and, in so doing, constituted an anticipatory repudiation of the Note.  The anticipatory repudiation,

5

in turn, absolved her from any obligation to continue making payments on the Note.

The district court did not err by dismissing Sheppard's claim for anticipatory repudiation.  Under Georgia law:

> The anticipatory repudiation of a contract occurs when one party thereto repudiates his contractual obligation to perform prior to the time such performance is required under the terms of the contract. Thus when one party to a bilateral contract of mutual dependent promises *absolutely* refuses to perform and repudiates the contract prior to the time of his performance, the innocent party is at liberty to consider himself absolved from any future performance on his part. The breach which will form the basis for an anticipatory breach of contract action is an *unqualified* repudiation of the entire contract prior to the time for performance.

*Textile Rubber & Chem. Co., Inc. v. Thermo-Flex Technologies, Inc.*, 687 S.E.2d 919, 922 (Ga. Ct. App. 2009) (quotation omitted, emphasis in original).  Accepting the allegations in the Complaint as true and viewing them in the light most favorable to Sheppard, *see Lobo v. Celebrity Cruises, Inc.*, 704 F.3d 882, 887 (11th Cir. 2013), she failed to state a plausible claim for anticipatory repudiation.  None of her allegations show that the Bank Defendants absolutely and without qualification repudiated the entire contract, or issued ultimatums "in no uncertain terms" refusing to abide by the terms of the Note.  *See Textile Rubber*, 687 S.E.2d at 494.  Instead, the Notice establishes only that the Bank Defendants did not follow the repayment calculation enumerated in the Note.  Such a showing "stops short of the line between possibility and plausibility of entitlement to relief," *Iqbal*,

6

556 U.S. at 678, and thus could not save Sheppard's claim from the Bank Defendants' motion to dismiss.

*Implied Duty of Good Faith and Fair Dealing*

Sheppard's allegations likewise failed to state a claim for breach of the implied duty of good faith and fair dealing.  In Georgia, every contract implies a covenant of good faith and fair dealing in the contract's performance and enforcement, which "modifies and becomes a part of the provisions of the contract."  *Onbrand Media v. Codex Consulting, Inc.*, 687 S.E.2d 168, 174 (Ga. Ct. App. 2009).  However, the covenant cannot be breached apart from the contract provisions it modifies, and, therefore, cannot provide an independent basis for liability.  *Id.*

To the extent Sheppard's claim was premised on an underlying cause of action for breach of contract, the district court did not err by finding that she failed to state a claim to relief.[1]  *See UWork.com, Inc. v. Paragon Technologies, Inc.*, 740 S.E.2d 887, 893 (Ga. Ct. App. 2013) ("The elements for a breach of contract claim in Georgia are the (1) breach and the (2) resultant damages (3) to the party who has the right to complain about the contract being broken." (quotation omitted)).  As an initial matter, Sheppard did not explicitly plead a claim for breach of contract.

---

[1] We may affirm the district court on any ground supported by the record, "regardless of whether that ground was relied upon or even considered by the district court."  *Kernel Records Oy v. Mosley*, 694 F.3d 1294, 1309 (11th Cir. 2012).

7

Regardless, Sheppard did not allege sufficient factual matter to raise her "right to relief above the speculative level," *Twombly*, 550 U.S. at 555, and the Complaint contains nothing more than "a statement of facts that merely creates a suspicion of a legally cognizable right of action," *id.* (quoting 5 C. Wright & A. Miller, Federal Practice & Procedure § 1216, pp. 235-36 (3d ed. 2004)) (brackets omitted); *cf. Bennett v. Associated Food Stores, Inc.*, 165 S.E.2d 581, 584 (Ga. Ct. App. 1968) ("Damages growing out of a breach of contract, in order to form the basis of a recovery, must be such as can be traced solely to the breach . . . .") (quotation omitted)).  Having failed to allege a plausible claim for breach of contract, Sheppard also failed to state a claim for breach of the implied covenant of good faith and fair dealing, as the covenant does not provide an independent basis for liability.

*FBPA and UDPTEA Claims*

Finally, the district court did not err by dismissing Sheppard's UDPTEA claim and its predicate FBPA claim.  The FBPA prohibits "[u]nfair or deceptive acts or practices in the conduct of consumer transactions and consumer acts or practices in trade or commerce."  O.C.G.A. § 10-1-393(a).  The UDPTEA, in turn, provides for a cause of action and enhanced civil penalties for any party engaging in, *inter alia*, deceptive trade practices in violation of the FBPA against "elder or disabled persons."  *Id.* §§ 10-1-851, 10-1-853.  As construed by Georgia courts, it

8

appears the FBPA does not apply to transactions that occur in regulated areas of activity, such as loan lending and servicing. *See Chancellor v. Gateway Lincoln-Mercury, Inc.*, 502 S.E.2d 799, 805 (Ga. Ct. App. 1998) (holding the area of finance charges, disclosure, and truth in lending falls outside the FBPA); *see also Ne. Ga. Cancer Care, LLC v. Blue Cross & Blue Shield of Ga., Inc.*, 676 S.E.2d 428, 433-44 (Ga. Ct. App. 2009) (explaining the FBPA does not apply to transactions that are subject to an extensive regulatory regime). Regardless, the FBPA does not apply to allegedly deceptive acts or practices that have no potential for harm to the general consuming public. *Zeeman v. Black*, 273 S.E.2d 910, 914-15 (Ga. Ct. App. 1980). As the Georgia Court of Appeals has explained:

> When a 'consumer' suffers damage as the result of an unfair or deceptive act or practice which had or has potential impact solely upon him and which is not and could not be a source of damage to any other member of the consuming public, there is no public interest to be served by proceeding under the FBPA, and the aggrieved party is relegated to pursuit of relief under other statutory or common law principles.

*Id.* at 915. Such is the case here. Under the facts pled in the Complaint, Sheppard has stated an allegedly deceptive act which has potential impact solely upon her—i.e., the unilateral alteration of the repayment terms of her loan—and she therefore failed to state a claim to relief under the FBPA. Without stating a claim to relief under the FBPA, Sheppard also failed to state a claim for damages or civil penalties under the UDPTEA. *See* O.C.G.A. § 10-1-851.

9

*Conclusion*

For the foregoing reasons, we affirm the district court's dismissal of

Sheppard's amended complaint.[2]

**AFFIRMED.**

---

[2] Sheppard's motion for leave to file an out-of-time reply brief is GRANTED.